UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARL E. RICE, SR.,

    Plaintiff,

v.                                                                        CASE NO. 6:06-cv-1233-Orl-31KRS

STATE OF FLORIDA, et al.,

    Defendants.

_____

## ORDER OF DISMISSAL

Plaintiff, confined in a Florida prison and proceeding *pro se*, filed an amended civil rights complaint pursuant to 28 U.S.C. § 1983 (Doc. No. 7). Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

> (b)     Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>     (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)     seeks monetary relief from a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *See* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that the Brevard County Sheriff's Office, the Cocoa Police Department, and the State of Florida conspired to bring criminal charges against him which are without merit and slanderous. Plaintiff further contends that Officers Anthony Brannon and Michael Badarack inflicted personal injury on him when Plaintiff was shot on December 6, 1999. He also avers that the Federal Department of Law Enforcement's December 8, 1999 determination that the shooting was justified was improper. Plaintiff seeks to have this Court intervene in his state criminal case by directing the State of Florida to either bring him to trial or dismiss the charges against him.

Plaintiff can raise his challenges relating to the prosecution of his criminal case in the state court proceedings. Absent a showing of special circumstances, such as where necessary to prevent immediate and irreparable injury, federal courts should not stay or enjoin pending state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). In addition, because declaratory relief "will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid" federal courts also should not entertain actions for declaratory relief against pending state criminal actions. *Samuels v. Mackell*, 401 U.S. 66, 72 (1971).

Plaintiff has not demonstrated special circumstances warranting this Court's intrusion into the pending state court proceedings. *See Hughes v. The Eleventh Judicial Circuit of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised), *cert. denied*, 543 U.S. 1051 (2005). Therefore, it appears that abstention is appropriate as to any claims regarding Plaintiff's pending state criminal charges.

Moreover, "[t]he applicable statute of limitations in a § 1983 lawsuit is the four-year Florida. . . statute of limitations for personal injuries." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003); *see also Grace v. Wainwright*, 761 F. Supp. 1520, 1526 (M.D. Fla. 1991); Fla. Stat. § 95.11. Plaintiff filed this action on August 14, 2006, over six years after Defendants allegedly inflicted personal injury on him and conspired to bring non-meritorious criminal charges against him.[2] Therefore, Plaintiff's claims regarding the alleged December 1999 shooting incident are barred by the statute of limitations.[3]

---

[2] A document is "filed" by a prisoner on the date the prisoner places the complaint in the mail or delivers it to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (in *pro se* prisoner rights cases and Federal Torts Claims Act suits, the date of filing is the date of delivery to prison officials).

[3] "Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)(B)." *Day v. E. I. Du Pont de Nemours and Co.*, No. 97-6233, 1998 WL 669939, at *1 (6th Cir. September 17, 1998); *see also Gibbs v. Albany Police Department*, No. 96-CV-1428 RSP DNH, 1997 WL 420360, at *1 (N.D.N.Y. July 21, 1997) (a complaint barred by the applicable statute of limitations is subject to dismissal pursuant to § 1915(e)(2)(B)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** as frivolous.

2. Any other motions pending in this case are **DENIED** as moot.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this 26th day of October, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 10/26
Carl E. Rice